## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WAYNE P. WILSON**                                        **CIVIL ACTION**

**VERSUS**                                                      **NO.  15-0026**

**KEITH COOLEY, WARDEN**                           **SECTION "E"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

I.  *Facts and Procedural History*

Petitioner, Wayne Wilson, is a state prisoner currently housed at the Allen Correctional Center in Kinder, Louisiana.  Following a one-day trial held April 28, 2010, Wilson was found guilty as charged of possession of a firearm by a convicted felon.[1]  The following facts established at trial were set forth on direct appeal:

---

[1] State Rec., Vol. 1 of 4, Bill of Information; *see also* Minute Entry, April 28, 2010.

At trial, Tremell Tate testified that on June 14, 2008, he was working as a security detail at the Perfect Fit nightclub when he saw the defendant, Mr. Wilson, sitting at the bar. Mr. Tate observed that the defendant's shirt was raised, revealing a gun. Mr. Tate then walked by Mr. Wilson and grabbed the gun as he was passing. A struggle ensued.

During the struggle, someone called the police. Mr. Tate managed to subdue the defendant and to confiscate the gun, which Mr. Tate gave to the disc jockey. When the police arrived, they handed Mr. Tate a pair of handcuffs, which he put on the defendant. The police then took the defendant into custody. Mr. Tate saw the disc jockey turn the gun over to a sheriff's deputy, who gave it to the police.

The defendant testified, denying that he had a gun on him that night. He said he had been searched at the front door, which Mr. Tate had testified was equipped with a metal detector.[2] The defendant testified that he was intoxicated that night. He recalled sitting at the bar at the club; however, the next thing he could remember was waking up in the police car and learning that he was being charged with possession of a firearm.[3]

On May 18, 2010, the trial court denied Wilson's motion for new trial and post-verdict judgment of acquittal and sentenced him to twelve (12) years imprisonment without benefit of parole, probation or suspension of sentence with imposition of a mandatory fine.[4] The State filed an habitual offender bill of information charging Wilson as a second felony offender.[5]

---

[2] Mr. Tate also stated that there was another entrance to the nightclub, a side door, which did not have a metal detector. He further testified that he did not see Mr. Wilson enter the club.

[3] *State v. Wilson*, 2010-KA-1604 (La. App. 4th Cir. 7/6/11), 68 So.3d 1232; State Rec. Vol. 3 of 4 (footnote in original).

[4] State Rec., Vol. 3 of 4, Transcript of sentencing (May 18, 2010), pp. 4-5.

[5] State Rec., Vol 1 of 4, Multiple Bill of Information.

2

Following a hearing on August 27, 2010, the trial court found him to be a second felony offender and resentenced him to twenty (20) years imprisonment.[6]

Wilson appealed his conviction.  He asserted a two-part assignment of error:  (1) the State's bill of information charging him with felony possession of a firearm was invalid under state law because he was not brought to trial within the delays allowed by law for the misdemeanor charged in the original bill of information; and (2) the new felony bill of information was invalid because the State dismissed the original information solely to avoid prescription.[7]  The Louisiana Fourth Circuit affirmed his conviction, finding no merit to his claims, but vacated his sentence and remanded for resentencing to include the requisite restrictions and mandatory fine under Louisiana Revised Statute 14:95.1(B).[8]  His request for a rehearing was denied.  The Louisiana Supreme Court denied his application for a writ of certiorari on February 10, 2012.[9]  Upon remand, the trial court resentenced Wilson accordingly on August 2, 2012.[10]

On or about October 18, 2012, Wilson filed an application for post-conviction relief in

---

[6] State Rec., Vol. 1 of 4, Minute Entry, August 27, 2010.

[7] State Rec., Vol. 3 of 4, No. 2010-KA-1604 (Louisiana Fourth Circuit Appellant Brief).

[8] *State v. Wilson*, 2010-KA-1604 (La. App. 4th Cir. 7/6/11), 68 So.3d 1232, *reh'g denied* (August 10, 2011).

[9] *State v. Wilson*, 2011-K-1978 (La. 2/10/12), 80 So.3d 469; State Rec., Vol. 3 of 4.

[10] State Rec., Vol. 1 of 4, Minute Entry, August 2, 2012.

the state district court.[11]  In that application, he raised three claims: (1) he received ineffective assistance of trial counsel when his attorney failed to advance a collateral estoppel argument pretrial with regard to the felony bill of information following the dismissal of the misdemeanor bill of information; (2) jurisdiction was lacking as a result of the invalid felony bill of information; and (3) he received ineffective assistance of counsel on appeal because appointed counsel failed to raise the issue of collateral estoppel as grounds for the improper felony information.[12]  On August 16, 2013, the state district court denied relief.[13]  The district court ruled that his claims lacked merit and were procedurally barred under Louisiana Code of Criminal Procedure article 930.4(A), because the underlying issue advanced in support of those claims (*i.e.*, the alleged invalidity of the superseding felony bill of information) had already been addressed and rejected on direct appeal.

---

[11]  State Rec., Vol. 1 of 4, Uniform Application for Post-Conviction Relief signed October 18, 2012.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).

[12]  As noted in the State's response, Wilson's post-conviction relief application listed a total of five claims for relief that included two additional claims not briefed in his supporting memorandum (*i.e.*, ineffective assistance of trial counsel for failing to move for an appeal of his resentencing and the denial of his right to appeal the resentencing).  The state court did not recognize or address these additional claims in its ruling.  Wilson himself referenced the fact that he raised only the three briefed claims in the state district court.  State Rec., Vol. 4 of 4, Louisiana Fourth Circuit writ application (2013-K-1304), p. 2.

[13]  State Rec., Vol. 4 of 4, District Court Judgment denying PCR, No. 493-006 "B" (August 16, 2013).

Wilson sought supervisory writs to the Louisiana Fourth Circuit Court of Appeal on the same grounds as those argued in his state district court application for post-conviction relief. On October 1, 2013, the court of appeal denied relief, finding no error in the district court's ruling.[14] Wilson filed a writ application to the Louisiana Supreme Court raising the same three claims. On May 30, 2014, the Louisiana Supreme Court denied relief without stated reasons.[15]

On December 31, 2014, Wilson filed his federal application for *habeas corpus* relief, asserting four claims for relief: (1) the Louisiana Fourth Circuit erred in finding his sentence illegal; (2) he received ineffective assistance of trial counsel when his attorney failed to raise an inherent jurisdictional bar relative to the speedy trial violation asserted in the trial court and to move for an appeal after resentencing; (3) he received ineffective assistance of appellate counsel in failing to address the jurisdictional problem within the speedy trial issue asserted on appeal; and (4) he was denied the right to appeal his resentencing because counsel failed to move for an appeal.[16]

The State filed a response in which it concedes that the federal application is timely.

---

[14] State Rec., Vol. 4 of 4, *State v. Wilson*, 2013-K-1304 (La. App. 4th Cir. 10/1/13).

[15] *Id.*, *State ex. rel. Wayne P. Wilson v. State*, 2013-KH-2520 (La. 5/30/14), 140 So.3d 1168.

[16] Rec. Doc. No. 4, Petition. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Wilson signed the application on December 31, 2014, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

However, the State contends that the majority of Wilson's claims are procedurally defaulted and the remainder should be denied as meritless.[17]

II.  *General Standards of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal *habeas* court's role in reviewing state prisoner applications in order to prevent federal *habeas* 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

---

[17]  Rec. Doc. No. 15, State's Response, pp. 13, 15.

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell*, 535 U.S. at 694.

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010). An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an

incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA." *Harrington v. Richter*, 562 U.S. 86 (2011). Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. at 102; emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

III. *Preliminary review: Unexhausted and procedurally defaulted claims*

The State asserts that several claims are barred from review as unexhausted and procedurally defaulted. These include claim one that the court of appeal erred on direct appeal in finding his sentence illegal; claim two, in part, that trial counsel was ineffective for failing to move for appeal after resentencing; and claim four that he was denied the right to appeal his resentence when counsel failed to file a motion for appeal. Upon review of the record, the Court agrees that the claims were never exhausted and because Wilson would be procedurally barred from raising those claims presently in the state courts, they are considered procedurally defaulted in this Court.

To exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347,

158 L.Ed.2d 64 (2004). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (*citing Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)).

The purportedly unexhausted claims relate to the appellate court's ruling on direct appeal vacating his original sentence and his inability to appeal the resentencing. The Court has reviewed the briefs and memoranda submitted by Wilson to the state courts— and specifically the Louisiana Supreme Court—on direct appeal and post-conviction review. Wilson did not fairly or otherwise present these claims to the state's highest court. Although Wilson arguably submitted the claims for review to the state district court by listing them in his application for post-conviction relief, he clearly did not present the claims in his writ

applications to the appellate court or the state supreme court.[18]  The three claims that were raised in the state courts instead challenged his conviction for being a felon in possession of a firearm stemming from an improper felony bill of information.

Furthermore, any attempt now to exhaust these claims in the state courts would be procedurally barred under Louisiana law.[19]  Because there are no procedural avenues available in Louisiana that would allow Wilson to return to the state courts and exhaust the claims, the claims are likewise procedurally defaulted from federal review.  *Nobles v. Johnson*, 127 F.3d at 420 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–33 (1986)).  Consequently, the claims will not be considered by the Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 731–32), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent."  *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995).

In order to demonstrate cause, a petitioner may "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

---

[18] With regard to the improper *vacatur* claim, the Court notes that although a rehearing was requested and counsel subsequently applied for a writ of certiorari, the briefed claims did not challenge the court of appeal's finding that the sentence imposed was illegally lenient. State Rec., Vol. 3 of 4, Application for Rehearing and Application for a Writ of Certiorari.

[19] La. C.Cr.P. art. 930.8 (affording a petitioner two years from the date his conviction became final under state law to file an application for post-conviction relief); *see also* La. C.Cr.P. art. 930.4(E).

10

*Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Coleman*, 501 U.S. at 753.  Objective impediments include an unavailable claim or interference by officials that made compliance impracticable. *Murray*, 477 U.S. at 488. Constitutionally ineffective assistance of counsel may also constitute cause under certain circumstances. *Id.* at 488–89.  In this case, however, Wilson has not offered any cause for the procedural default.[20]  Nor does the record indicate the existence of any objective factor to excuse his failure to raise these claims in the state courts. When a petitioner fails to establish cause to excuse a procedural default, the Court need not consider the issue of prejudice.  "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir.1997) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)).     Consequently, Wilson may avoid the procedural bar only by showing that a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436,

---

[20] To the extent he may attempt to rely on alleged ineffective assistance of counsel for failure to raise claims related to the appellate ruling and his resentence to overcome the procedural default, such an argument would be unavailing. Ineffective assistance of counsel cannot be relied upon as cause unless that claim itself has been exhausted in state proceedings. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (noting that in order for a claim of ineffective assistance of counsel to serve as cause for a procedural default, the ineffective assistance claim must itself be presented to the state courts).  Any claim of ineffectiveness in this respect was itself similarly unexhausted.

454 (1986); accord *Murray v. Carrier*, 477 U.S. 478, 496; *Glover*, 128 F.3d 900, 902 (5th Cir. 1997). When the petitioner has not adequately asserted his actual innocence, however, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.  Wilson does not present any claim and the record contains nothing that suggests his actual innocence on the underlying conviction.  Because Wilson has failed to overcome the procedural default, these three claims should be dismissed on that basis.

In any event, even if subject to review by this Court, the claims are without merit.  In claim one, Wilson contends "vacatour of [his] sentence by the appellate court was improper in that there was nothing illegal about [his] sentence."[21] On direct appeal, the Louisiana Fourth Circuit conducted a review for errors patent, determined that the sentence imposed was illegally lenient for failure to include mandatory restrictions and fines and vacated the sentence because it did not include the mandatory fine under Louisiana Revised Statute 14:95.1(B). Wilson argues that his original sentence was an enhanced sentence pursuant to Louisiana Revised Statute 15:529.1, which did not provide for the imposition of any fines.

This claim does not present a cognizable issue for federal *habeas* review. To the extent Wilson argues that the state appellate court incorrectly applied state law in finding his sentence illegal, the claim is not cognizable on federal *habeas* review.  *See Swarthout v. Cooke*,

---

[21] Rec. Doc. 4, p. 5.

526 U.S. 216, 219 (2011) (federal *habeas* review does not lie for errors of state law). A federal *habeas* court does "not sit as [a] 'super' state supreme court in a *habeas corpus* proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted). Federal *habeas corpus* review is warranted only for claims that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Here, Wilson has not alleged, much less demonstrated, error that would render the proceedings fundamentally unfair or violate an explicit constitutional right. *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991). He is not entitled to *habeas* relief on this claim.

In Wilson's second and fourth claims, he argues that he was denied the right to appeal his resentencing, which he insists "was not warranted in the first instance since there was nothing wrong with the original sentence," due to trial counsel's ineffective assistance in failing to move for an appeal. In essence, these claims allege that Wilson was denied effective assistance of counsel because his defense attorney failed to move for an appeal of his resentencing, thereby denying him the ability to challenge the new sentence imposed upon remand. Even if the claim was properly before the Court, however, it is without merit. It is clear that Wilson cannot establish prejudice resulting from counsel's failure to appeal the resentence.

To establish ineffective assistance of counsel, a petitioner must establish not only deficient performance by counsel, but also that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A petitioner bears the burden of proof

13

on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir.2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.,* deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).

In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

14

proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Wilson was represented by new counsel of record when the amended sentence was imposed.[22] By this time, all direct appeal proceedings had concluded and the judgment was final. The appellate court had rendered its judgment vacating the sentence and ordering the trial court to impose a sentence that included the mandatory fine. The judgment had been affirmed following a request for rehearing and application for a writ of certiorari to the Louisiana Supreme Court. The trial court merely performed a duty to impose a sentence required by law and in accordance with a direct, conclusive order by the appellate court. The judgment simply reinstated the enhanced 20-year sentence, without benefit and inclusive of a statutorily-mandated fine.

Wilson does not allege that he asked his counsel to appeal the resentence or that such a request was refused. Moreover, he does not identify any claim that might have provided a basis for relief on direct appeal of his resentencing, which notably was conducted pursuant to the express order by the court of appeal. He argues only that the Louisiana Habitual Offender statute did not provide for imposition of a fine. However, the imposition of the fine, as recognized by the court of appeal, was not only authorized, but mandated, by Louisiana

---

[22] According to the Docket Master (State Rec., Vol. 1 of 4), appointed counsel, Andrew Duffy, represented Wilson through trial and the original sentencing. At resentencing, he was represented by Gregory Carter.

Revised Statute 14:95.1. Therefore, Wilson has not established prejudice in failing to appeal as he presents no argument that would have resulted in the overturning of his sentence by an appellate court.  Accordingly, he is not entitled to *habeas* relief on this claim.

IV.  *Exhausted claims: Ineffective assistance of trial and appellate counsel*

In Wilson's second and third claims for relief, he argues that both trial and appellate counsel were ineffective in failing to raise a jurisdictional problem with his prosecution.  These claims stem from the following chain of events outlined by the Louisiana Fourth Circuit on direct appeal:

> The State originally charged Mr. Wilson on July 25, 2008, in case no. 479–706, with possessing a firearm in an alcoholic beverage outlet, a misdemeanor violation of La. R.S. 14:95.5. On August 10, 2009, Mr. Wilson filed a motion to quash in that case based upon the State's failure to commence trial within the one year period required by La. C.Cr.P. art. 578(A). The trial court denied that motion, and this Court denied the defendant's writ application (footnote omitted).  The State dismissed that charge on January 19, 2010. Before doing so, however, the State charged Wilson with being a felon in possession of a firearm, a violation of La. R.S. 14:95.1, in the instant case (no. 493–006) on December 9, 2009.[23]

Wilson summarizes his position in the federal application for relief as follows:  "What has taken place in this case is the State—time barred to prosecute Petitioner of the original misdemeanor charge—prosecuted Petitioner on a felony grade of the exact same offense based upon the exact same set of facts."[24]

---

[23] *State v. Wilson*, 68 So.3d at 1233.

[24] Rec. Doc. 4, p. 8.

The merits of the underlying claim regarding the validity of the felony bill of information were addressed on direct appeal.  Wilson's appellate counsel asserted that the State failed to bring Wilson to trial within the time allowed by law under the original information, and therefore the subsequent information, arising from the same incident and brought solely to avoid the limitations, was improper and should have been quashed.  In rejecting the claim, the appellate court on direct appeal reasoned:

Both La. C.Cr.P. arts. 576[25] and 581[26] prohibit reinstitution of charges "for the

[25] La. C.Cr.P. art. 576 states:

When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the *same offense or for a lesser offense* based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.

A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.

*Emphasis added.*

[26] La. C.Cr.P. art. 581 states:

Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss

same or a lesser offense based on the same facts."[27] The plain wording of these statutes indicates a legislative intent not to apply these articles to charges that are greater than the original ones. In the instant case, the defendant was originally charged with possession of a firearm on the premises of an alcoholic beverage outlet, a misdemeanor pursuant to La. R.S. 14:95.5(D). The State then charged him with being a felon in possession of a firearm, a felony pursuant to La. R.S. 14:95.1(B). Because this charge is more egregious than the original misdemeanor charge, it cannot be said to be "the same or a lesser offense." Therefore, La. C.Cr.P. arts. 576 and 581 do not apply in this case.

La. C.Cr.P. art. 572(A)(1) imposes a limitation of six years from the date an offense has been committed to prosecute, try, or punish an individual who has committed a felony necessarily punishable by imprisonment at hard labor. La. R.S. 14:95.1(B) mandates imprisonment at hard labor. Therefore, the State had six years from June 14, 2008 in which to prosecute, try or punish the defendant. This time has not yet passed. Accordingly, the defendant's argument that La. C.Cr.P. arts. 576 and 581 prohibited the filing of the second bill of information is without merit.[28]

On post-conviction review, the state district court relied upon the determination by the court of appeal that the felony bill of information was not a new prosecution for the "same or for a lesser offense" based on the same facts, as contemplated by Louisiana Code of Criminal

---

the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.

If the indictment is dismissed under this article, there shall be no further prosecution against the defendant *for the same or a lesser offense* based on the same facts.

*Emphasis added.*

[27] La. C.Cr.P. art. 576 prohibits charging "for the same offense or for a lesser offense based on the same facts." This wording is slightly different but has the same meaning.

[28] *State v. Wilson*, 68 So.3d at 1235 (footnotes in original).

Procedure articles 576 and 581. As the Louisiana Fourth Circuit reasoned, the new charge was for a more serious and entirely different felony offense and therefore nothing prevented the State from instituting the new felony charges against Wilson following the dismissal of the State's original bill of information, even if the time limits had elapsed for prosecution of the initial misdemeanor offense charged.  Based on this rationale, the state district court rejected Wilson's claims, while specifically observing that the fundamental argument underlying the claims—the alleged invalidity of the felony bill of information—had been addressed and rejected on direct appeal. The court of appeal found no error in the state district court's judgment denying relief.  The Louisiana Supreme Court denied relief without stated reasons.

Because the state courts rejected petitioner's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, the Court must defer to the state court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir.2002).  In fact, the United States Supreme Court has held that, under the AEDPA, federal *habeas corpus* review of ineffective assistance of counsel claims must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt."  *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (citing *Burt v. Titlow*, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

19

Wilson contends that trial counsel failed in his professional duty to object to the re-institution of charges, and similarly that appellate counsel failed to object on appeal, because the trial court was divested of jurisdiction over the case once the speedy trial limitations period for the misdemeanor charge had run.  However, the record contradicts any argument by Wilson that trial or appellate counsel failed to object to the prosecution's filing the felony bill of information.  In fact, the record shows that trial counsel promptly challenged the State's "reinstitution" of prosecution by felony bill of information by filing a motion to quash.[29]  Upon the trial court's denial of the motion, counsel filed an emergency supervisory writ application and request for stay with the court of appeal challenging that decision.  The Louisiana Fourth Circuit denied the writ, declining to exercise its supervisory jurisdiction because Wilson had an adequate remedy by subsequent appeal if convicted.[30]  Counsel likewise challenged that decision by applying for a supervisory writ in the Louisiana Supreme Court, but relief was denied.[31]  Appellate counsel similarly challenged the validity of the felony bill of information on direct appeal following Wilson's conviction.[32]  The appellate court rejected the argument and affirmed Wilson's conviction.

---

[29] State Rec., Vol. 1 of 4, Docket Master entry for 3/5/10.

[30] State Rec., Vol. 2 of 4, *State v. Wilson*, 2010–K-0340 (La. App. 4th Cir. 3/8/10) (unpublished writ ruling).

[31] State Rec., Vol. 2 of 4, *State v. Wilson*, 2010-0774 (La. 4/8/10), 31 So.3d 375.

[32] *State v. Wilson*, 2010-KA-1604 (La. App. 4th Cir. 8/10/11), 68 So.3d 1232.

Thus, as presented, Wilson's federal claim is not that counsel failed to object, but that neither trial nor appellate counsel *adequately* challenged the felony bill of information by raising different grounds for the motion to quash.  As stated in his application for federal *habeas* relief, Wilson takes issue with the scope of both counsels' arguments and specifically what he refers to as a failure to recognize and assert "a jurisdictional problem," which he claims if raised "would have resulted in a ruling that no further prosecution was possible in this case."[33]  Although his federal petition contains no mention of the issue that both counsel ostensibly omitted, his state-court post-conviction applications reference the doctrine of collateral estoppel.

The Court finds that the state court's denial of these ineffective assistance claims is neither contrary to, nor an unreasonable application of, *Strickland.* Trial counsel plainly objected to the State's institution of felony charges against Wilson following the dismissal of the misdemeanor charges arising from the same set of facts and circumstances. The court of appeal determined that the State was not precluded under Louisiana law from instituting a more serious and independent felony offense charge against Wilson regardless of its prior *nolle prosequi* of the misdemeanor offense charges or the circumstances of that dismissal. The Louisiana Supreme Court upheld the court of appeal's findings.  A federal court defers to a state court's interpretation and application of its own laws. *Estelle v. McGuire*, 502 U.S. 62,

---

[33] Rec. Doc. 4, pp. 6, 8.

67–68 (1991) ("[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("federal court may not issue the writ on the basis of a perceived error of state law").

Trial counsel's legal basis and strategy underlying the motion to quash in this case was entirely reasonable.  Although Wilson asserts that trial counsel should have taken a different approach that in his estimation would have produced a successful outcome, counsel's actions are not deficient, or prejudicial, simply because he is unsuccessful in his efforts to obtain relief from a court.  *See Martinez v. Dretke*, 99 Fed. Appx. 538, 543 (5th Cir.2004) ( "Again, an unsuccessful strategy does not necessarily indicate constitutionally deficient counsel."). Wilson offers nothing to suggest that counsel's decision to proceed with the grounds stated in the motion to quash was outside the wide range of professionally competent assistance.

Similarly, Wilson's appellate counsel did challenge the basis for the prosecution on appeal.  The same standard of review applies to appellate counsel's actions, though the determination regarding prejudice varies slightly.  That is, to show prejudice with respect to a claim that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir.2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000).

On direct appeal, appointed counsel asserted that the institution of the felony prosecution was improper and should have been quashed because the time limits for the

misdemeanor charge had expired and the State's intent was to avoid the time limitations. This issue was therefore squarely presented and rejected by the court of appeal. Wilson has failed to specify in his federal application what jurisdictional argument in particular counsel should have made on appeal. Wilson's speculation that appellate counsel should have raised an unspecified, stronger argument to further advance a position on appeal does not establish deficient performance.[34] It is within appellate counsel's sound discretion and judgment when filing an appellate brief to determine which nonfrivolous arguments to raise, and the scope thereof, to maximize the likelihood of success on appeal. Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983); *see also Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (observing that the "process of 'winnowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (quoting *Jones*, 463 U.S. at 751–52); *Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (observing that "the Constitution guarantees criminal defendants a fair trial and a competent attorney [but] does not insure that defense counsel will recognize and raise every conceivable

---

[34] In the state courts, Wilson argued that "once commencement of trial on the misdemeanor charge of possession of a firearm in an alcoholic beverage outlet had prescribed, the doctrine of collateral estoppel raised a jurisdictional bar to further prosecution for the same criminal act; illegal possession of a firearm." State Rec., Vol. 4 of 4, Writ application to Louisiana Supreme Court, No. 13-KH-2520, pp. 11-12.

constitutional claim").

Moreover, Wilson has not demonstrated that he suffered any prejudice as a result of the omitted argument in the pretrial motion to quash or on appeal. He cannot show that the result would have been any different at either the trial court or appellate court level had counsel couched the challenge to the felony bill of information differently and argued that the principle of collateral estoppel barred his subsequent prosecution for the count of felon in possession of a firearm. He has not shown that the doctrine of collateral estoppel was even applicable under the circumstances, given that the State entered a *nolle prosequi* of the misdemeanor charges, much less that a motion to quash or appeal would have been successful based on the doctrine.

In sum, Wilson has not demonstrated that the state court's decision rejecting these ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's doubly deferential standards of review applicable to such claims, this Court should likewise deny relief.

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14)

24

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[35]

New Orleans, Louisiana, this 25th day of ___January___, 2016.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.